IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **VALERIA MUSTATA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| **COUNCIL FOR JEWISH ELDERLY,** an | ) | TRIAL BY JURY DEMANDED |
| Illinois not-for-profit corporation, | ) | |
| | ) | FILED: JULY 7, 2008 |
| **Defendant.** | ) | 08CV3845 |
| | | JUDGE DARRAH |
| | | MAGISTRATE JUDGE BROWN |
| | | MKH |

## COMPLAINT

Now comes Plaintiff, VALERIA MUSTATA, by and through her attorney, KENNETH A. HENRY, and, complaining of Defendant, COUNCIL FOR JEWISH ELDERLY, an Illinois not-for-profit corporation, states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.  This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII"); 42 U.S.C. § 1981 ("§ 1981"); and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq* ("ADEA").

2.  Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1988, and 42 U.S.C. § 12117.

3.  Venue is proper by virtue of 28 U.S.C. § 1391(b).

4.  Plaintiff has met all administrative prerequisites to suit in that she filed a timely charge of discrimination against the Defendant with the Illinois Department of Human Rights as Charge No. 2007 CA 3506, which charge was cross-filed with the Equal Employment Opportunity Commission as Charge No. 21B-2007-02000, a copy of which is attached hereto and made a part hereof as Exhibit A.  Plaintiff received a Right-to Sue letter on or about April 8, 2008, a copy of

which is attached hereto and made a part hereof as Exhibit B, and brings this action within the limitations periods of 29 U.S.C. § 621 *et seq.,* 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq.*

## PARTIES

5.  VALERIA MUSTATA ("Plaintiff" or "Mustata"), is a Caucasian female citizen of Romanian origin and resident of the United States. At all times relevant hereto, Mustata was at least forty (40) years of age. From July 1995 until and including November 2006, Plaintiff was an employee of Defendant Council for Jewish Elderly at its Lieberman Geriatric Health Center.

6.  Defendant, COUNCIL FOR JEWISH ELDERLY, is an Illinois not-for-profit corporation ("Defendant" or "CJE"), and, upon information and belief, is and was at all relevant times a duly authorized corporation doing business within the state of Illinois and an employer within the definitions of 29 U.S.C. §630(b), and 42 U.S.C. § 2000e (b). At all times relevant hereto, Defendant, at its Lieberman Geriatric Health Center, was engaged in the business of operating a long-term nursing home facility.

7.  Plaintiff commenced employment with CJE on or about July 1995 as a "Certified Nurses Aide."

## COMMON ALLEGATIONS

8.  At all times relevant hereto, CJE was aware that Mustata was Caucasian, had not been born in the United States of America, was of Romanian origin, and was forty (40) years of age or older.

9.  From her date of hire until her discriminatory discharge on or about November 30, 2006, Mustata performed her job in a manner that was satisfactory or better; had always met or exceeded CJE's expectations; and had never been disciplined for abuse, neglect or performance related reasons.

10. During the course of her employment with CJE, culminating on or about November 2006, Mustata was subjected to disparate treatment including frequently being referred to as "Grandma" and subjected to jokes about her age and was otherwise treated in a disparate fashion as a result of her national origin, and/or race, and/or age.

11.     On or about November 30, 2006 Mustata was discharged for allegedly abusing or neglecting patients.  Not only did Mustata not abuse or neglect patients but other similarly situated CJE employees who were non-Romanian, and/or non-Caucasian, and/or less than forty (40) years of age, and against whom the same or similar accusations were made, received no discipline or less discipline than Mustata.

## COUNT I
## TITLE VII NATIONAL ORIGIN DISCRIMINATION

12.     Mustata was subjected to this disparate treatment that resulted in her discharge on November 30, 2006 as a result of her national origin, Romanian, in violation of Title VII, 42 U.S.C. §2000e-2(a).

13.     CJE knowingly and intentionally discriminated against Mustata on the basis of national origin in violation of Title VII.

14.     As a result of the foregoing national origin discrimination on the part of CJE, Mustata has lost wages and benefits to which she was entitled as a result of CJE's unlawful discrimination and unlawful termination.

## DAMAGES

15.     As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

   **WHEREFORE,** Plaintiff prays that this Court:

   A.   Enter an order finding that Defendant CJE has discriminated against Plaintiff on the basis of national origin in violation of Title VII;

   B.   Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that she would have received but for the discriminatory acts and practices of Defendant;

   C.   Award Plaintiff compensatory and punitive damages in an appropriate amount;

   D.   Award reasonable attorney's fees and costs incurred in this action;

E.  Order Defendant to cease and desist from discriminating against its employees on the basis of national origin; and

F.  Award such other and further relief as this Court deems just and proper.

## COUNT II
### § 1981 NATIONAL ORIGIN DISCRIMINATION

16. Plaintiff hereby realleges and incorporates herein her allegations contained in Paragraphs 1 through 14 as though fully set forth herein.

17. CJE knowingly and intentionally discriminated against Mustata on the basis of national origin in violation of § 1981.

18. Mustata was subjected to this disparate treatment that resulted in her discharge on November 30, 2006. as a result of her national origin, Romanian, in violation of § 1981.

19. As a result of the foregoing national origin discrimination on the part of CJE, Mustata has lost wages and benefits to which she was entitled as a result of CJE's unlawful discrimination and unlawful termination.

## DAMAGES

20. As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**WHEREFORE,** Plaintiff prays that this Court:

A.  Enter an order finding that Defendant CJE has discriminated against Plaintiff on the basis of national origin in violation of § 1981;

B.  Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that she would have received but for the discriminatory acts and practices of Defendant;

C.  Award Plaintiff compensatory and punitive damages in an appropriate amount;

D.  Award reasonable attorney's fees and costs incurred in this action;

    E.    Order Defendant to cease and desist from discriminating against its employees on the basis of national origin; and

    F.    Award such other and further relief as this Court deems just and proper.

## COUNT III
## TITLE VII RACIAL DISCRIMINATION

21.    Plaintiff hereby realleges and incorporates herein her allegations contained in Paragraphs 1 through 11 as though fully set forth herein.

22.    On information and belief, Mustata was one of CJE's only Caucasian employees and was subjected to disparate treatment that resulted in her discharge on November 30, 2006 to which other no-white CJE employees were not subjected on the basis of race in violation of Title VII, 42. U.S.C. §2000e-2(a).

23.    CJE knowingly and intentionally discriminated against Mustata on the basis of race in violation of Title VII.

24.    As a result of the foregoing national origin discrimination on the part of CJE, Mustata has lost wages and benefits to which she was entitled as a result of CJE's unlawful discrimination and unlawful termination.

## DAMAGES

25.    As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

    **WHEREFORE,** Plaintiff prays that this Court:

    A.    Enter an order finding that Defendant CJE has discriminated against Plaintiff on the basis of race in violation of Title VII;

    B.    Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that she would have received but for the discriminatory acts and practices of Defendant;

    C.    Award Plaintiff compensatory and punitive damages in an appropriate amount;

D. Award reasonable attorney's fees and costs incurred in this action;

E. Order Defendant to cease and desist from discriminating against its employees on the basis of race; and

F. Award such other and further relief as this Court deems just and proper.

## COUNT IV
## ADEA AGE DISCRIMINATION

26. Plaintiff hereby realleges and incorporates herein her allegations contained in Paragraphs 1 through 11 as though fully set forth herein.

27. CJE knowingly, intentionally, and willfully discriminated against Mustata on the basis of age in violation of ADEA.

28. As a result of the foregoing retaliation on the part of CJE, Mustata has lost wages and benefits to which she was entitled as a result of CJE's unlawful discrimination and unlawful termination.

## **DAMAGES**

29. As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**WHEREFORE,** Plaintiff prays that this Court:

A. Enter an order finding that Defendant CJE has discriminated against Plaintiff on the basis of age in violation of ADEA;

B. Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that she would have received but for the discriminatory acts and practices of Defendant;

C. Award Plaintiff liquidated damages in the amount of back pay;

D. Award reasonable attorney's fees and costs incurred in this action;

    E.    Order Defendant to cease and desist from discriminating against its employees on the basis of age; and

    F.    Award such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

    Respectfully submitted,

    VALERIA MUSTATA, Plaintiff.

    By: /s/ Kenneth A. Henry
    Kenneth A. Henry, her attorney

Kenneth A. Henry, Esq. (ARDC No. 1193457)
One North LaSalle Street, Suite 2200
Chicago, Illinois 60602-3912
Tel: 312.857.0100/Fax: 312.857.1157
khenry@kahlaw.com

MAY-29-2007 12:09 From:CITI CARDS LEGAL    12242224029         To:913127262100          P.2/5

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. 07W0529-14 | [X] FEPA [X] EEOC | 2007CA3506 |

Illinois Department of Human Rights                and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Valeria Mustata | (773) 334-7668 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 5030 N. Marine Dr., Apt. 509, Chicago, IL 60640 | | 09/28/1936 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below).

| NAME | NUMBER OF EMPLOYEES MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Council for Jewish Elderly, Lieberman Geriatric Centre | 15+ | (847) 674-7210 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 9700 Gross Point Rd., Skokie, IL 60076 | | Cook |

| NAME | | TELEPHONE (Include Area Code) |
|---|---|---|
| | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN

[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
                      11/30/2006
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

See attached pages 2 and 3.


JULY 7, 2008
08CV3845
JUDGE DARRAH
MAGISTRATE JUDGE BROWN
MKH

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

MAY 29 2007

RECEIVED
BY_____

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (when necessary for State and Local Requirements)
Sharon Webb  5-29-07
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

OFFICIAL SEAL
SHARON WEBB
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 02/25/2009

SIGNATURE OF COMPLAINANT           DATE

X  *Valeria Mustata*                05.29.07

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (5/98)

Page 2
Complainant's Initials V. M.

I.   A.   ISSUE/BASIS

   1. Discharge based upon my national origin (Romanian).

   B.   PRIMA FACIE ALLEGATIONS

   1. I was employed as a Certified Nurses Aide (C.N.A.) by Respondent Council for Jewish Elderly, Lieberman Geriatric Health Centre, from July 18, 1995 until Respondent discharged me on November 30, 2006. My national origin is Romanian.

   2. I was the only C.N.A. of Romanian national origin employed by Respondent at the time of my termination.

   3. Respondent's stated reasons for discharging me are false and pretextual. While employed by Respondent, I performed my duties as a C.N.A. in a satisfactory manner. Prior to being discharged, I was never warned, suspended or otherwise disciplined by Respondent.

   4. Similarly situated non-Romanian C.N.A.s who were accused of serious transgressions, including abuse or neglect of patients, were not discharged or received warnings and/or suspensions before Respondent discharged them.

II.  A.   ISSUE/BASIS

   1. Discharge based upon my race (white).

   B.   PRIMA FACIE ALLEGATIONS

   1. I was employed as a C.N.A. by Respondent Council for Jewish Elderly, Lieberman Geriatric Health Centre, from July 18, 1995 until Respondent discharged me on November 30, 2006. My race is white; a substantial majority of the C.N.A.s employed by Respondent at the time I was terminated were non-white.

(Continued)

MAY-29-2007 12:09 From:CITI C⁻⁻OS LEGAL 12242224029 To:913127262100 P.4/5

Page 3
Complainant's Initials V.M.

2. Respondent's stated reasons for discharging me are false and pretextual. While employed by Respondent, I performed my duties as a C.N.A. in a satisfactory manner. Prior to being discharged, I was never warned, suspended or otherwise disciplined by Respondent.

3. Similarly situated non-white C.N.A.s who were accused of serious transgressions, including abuse or neglect of patients, were not discharged or received warnings and/or suspensions before being discharged by Respondent.

III. A. ISSUE/BASIS

1. Discharge based upon my age (D.O.B. 9/28/1936).

B. PRIMA FACIE ALLEGATIONS

1. I was employed as a C.N.A. by Respondent Council for Jewish Elderly, Lieberman Geriatric Health Centre, from July 18, 1995 until Respondent discharged me on November 30, 2006. At the time of my termination, I was 70 years old.

2. Respondent's stated reasons for discharging me are false and pretextual. While employed by Respondent, I performed my duties as a C.N.A. in a satisfactory manner. Prior to being discharged, I was never warned, suspended or otherwise disciplined by Respondent.

3. Similarly situated younger C.N.A.'s who were accused of serious transgressions, including abuse or neglect of patients, were not discharged or received warnings and/or suspensions before being discharged by Respondent.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Valeria Mustatu<br>5030 E Marine Drive<br>Chicago, IL 60640 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7099 3400 0014 4054 2914**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-02000 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*    04/07/2008

Enclosures(s)

John P. Rowe,
**District Director**

(Date Mailed)

cc:  **COUNCIL FOR JEWISH ELDERLY**
9700 Gross Point Rd
Skokie, IL 60076

08CV3845
JUDGE DARRAH
MAGISTRATE JUDGE BROWN
MKH